[638 NYS2d 666]

In the Matter of NORA Z. RAMOS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 20, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C.Y. Cheung* of counsel), for petitioner.

*Nora Z. Ramos,* Elmhurst, respondent *pro se.*

OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner now moves to confirm the Special Referee's report while the respondent cross-moves to disaffirm the Special Referee's report and to impose a public censure as the measure of discipline.

Charge One alleged that the respondent failed to properly safeguard and improperly converted to her own use funds which had been entrusted to her as a fiduciary. On or about November 14, 1992, the respondent, in her capacity as fiduciary, accepted two checks totalling $19,900 from Enrique and Jacqueline Nieves and Lucia Fernandez. This represented the down payment in a real estate transaction involving the respondent's client, Mary Sipin Vinluan. According to the terms of the contract of sale, the respondent was to hold the down payment in escrow until the closing of title. She deposited the aforesaid checks into Account No. 019-006049-1, denominated "Nora Z. Ramos Special Account, Attorney-at-Law", at Crossland Savings Bank, on or about November 14, 1992. Between November 14, 1992 and March 15, 1993, inclusive, the respondent made 39 automatic teller machine cash withdrawals from her special account, in the sum of $6,580.

As a result of those cash withdrawals, the balance in the respondent's special account was depleted to less than $19,900, the amount required to be held in escrow.

None of the aforesaid cash withdrawals related in any way to the real estate transaction involving the respondent's client, Mary Sipin Vinluan. Nor were any of them made with the knowledge or consent of Enrique Nieves, Jacqueline Nieves, or Lucia Fernandez.

The closing occurred on or about March 22, 1993. At that time, the respondent drew, on her special account, check No. 258 in the sum of $1,128. She drafted that check to S.T.G. Associates, the title company involved in the transaction, knowing that her special account lacked sufficient funds to cover it. Check No. 258 was, accordingly, dishonored due to insufficient funds.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3) and DR 9-102 (B) (22 NYCRR 1200.46).

Charge Three alleged that the respondent failed to maintain required bookkeeping records relating to her escrow account.

By letters dated May 17, 1994, May 20, 1994, January 6, 1995, January 23, 1995, and February 7, 1995, the respondent was directed to produce for inspection her required bookkeeping records relating to her attorney special account at Crossland Savings Bank. Although the respondent furnished the petitioner with copies of her ledgers on February 10, 1995, those records were not made at or near the time of the transactions. The ledgers furnished by the respondent on February 10, 1995 were prepared by the respondent in response to the petitioner's request for her required bookkeeping records.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3) and DR 9-102 (D) (22 NYCRR 1200.46).

Based upon the evidence adduced, we conclude that the Special Referee properly sustained Charges One and Three. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted to that extent and the respondent's cross motion is granted solely to the extent that Charge Two is not sustained.

In determining an appropriate measure of discipline to impose, we have considered the respondent's written statement to the Court in which she maintains that extreme poverty and the instinct of self-preservation prompted her to borrow the escrow money with the intent to return it soon without damaging anyone. We have also noted the numerous character letters which respondent has submitted. Under the circumstances, the respondent is suspended from the practice of law for a period of five years.

MANGANO, P. J., BALLETTA, ROSENBLATT, O'BRIEN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charges One and Three are sustained and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge Two is not sustained and is otherwise denied; and it is further,

Ordered that the respondent, Nora Z. Ramos, is suspended from the practice of law for a period of five years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that

during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Nora Z. Ramos, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.